PAUL LINDLEY v. FRIES MANUFACTURING & POWER COMPANY.

(Filed 10 November, 1910.)

1. Appeal and Error — Negligence — Objections and Exceptions — Presumptions.

There being no motion to nonsuit and no prayer for instruction in this case upon the issue of negligence alleged, upon appeal it will be assumed that the issue was properly found by the jury.

2. Contributory Negligence—Issues—Last Clear Chance—Evidence.

In an action brought by the plaintiff against an electric company for damages alleged to have been caused through the latter's negligence by a collision with a street car and an automobile which the plaintiff was running at the time, the usual issues of negligence and contributory negligence were found for defendant, and a third issue was submitted and found for plaintiff as to whether the defendant's agent could have avoided the injury "notwithstanding plaintiff's contributory negligence." *Held,* upon the facts presented, the plaintiff failed in his duty to slow down his machine and look and listen before crossing the track in front of defendant's street car, the poles and wires of the company being visible some distance ahead of him; the evidence was insufficient as tending to show that the defendant's motorman could have foreseen and prevented the consequence of plaintiff's negligent act in attempting to rush across the track, and the third issue was erroneously submitted.

3. Negligence—Contributory Negligence—Last Clear Chance—Verdict—Judgment.

In an action for damages, the jury having found that the defendant was negligent, and that the plaintiff was guilty of contributory negligence, and a third issue as to whether the plaintiff could have avoided the injury having been erroneously submitted upon the evidence in this case. *Held,* the defendant is entitled to a judgment in its favor upon the verdict.

APPEAL from *Lyon, J.,* at the August Term, 1910, of GUILFORD.

Civil action to recover damages for an injury alleged to have been received by plaintiff in a collision between his automobile and defendant's electric car in the town of Waughtown, N. C.

These issues were submitted to the jury:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff contribute to his injury, as alleged in the answer?  Answer: Yes.

3. Notwithstanding the previous negligence of the plaintiff could the defendant, by the exercise of ordinary care, have prevented the injury?  Answer: Yes.

4. What damage, if any, is the plaintiff entitled to recover? Answer: $800.

The defendant in due time objected to the submission of the third issue and at the proper time tendered a judgment upon the findings upon the second issue that it go without day and recover costs.

His Honor rendered judgment for plaintiff and defendant appealed.

*John A. Barringer* and *W. P. Bynum* for plaintiff.

*Watson, Buxton & Watson, Manly & Hendren, A. L. Brooks* and *King & Kimball* for defendant.

PER CURIAM.  Upon an examination of the record we find very little if any evidence of negligence upon the part of the defendant, but as there was no motion to nonsuit and no prayer for instruction upon the first issue, we assume that issue to be properly found.

In order to avoid the force and effect of the finding upon the second issue, the plaintiff seeks to show under the third issue that after discovering plaintiff's peril the motorman of the defendant's car failed to exercise due care in endeavoring to avoid injury.

We have examined the record and the conclusion is forced upon us from all the evidence that the proximate cause of the injury was the reckless and unlawful driving of his automobile by plaintiff through the streets of Waughtown at a dangerous rate of speed when approaching the car line tracks.

The evidence of gross contributory negligence is overwhelming and is of such character that it bars recovery.

It was the plaintiff's duty to slow down his machine when approaching the tracks, and to have it under complete control and to look and listen for an approaching car.  If he did not ob-

serve the poles and trolley wires immediately in front of him it was plaintiff's fault. All the evidence as well as the photograph exhibits show they were visible some distance ahead of him. It is manifest the collision was brought about by the unwarranted attempt upon part of plaintiff to rush across the track ahead of the approaching car. The evidence is not sufficient to show that the motorman by ordinary prudence under the circumstances could have either foreseen or prevented the consequences of plaintiff's recklessness. His injury was brought about by his own fault, and the consequence of his recklessness should be borne by him and not by defendant. Upon the evidence and pleadings there was error in submitting the third issue.

Upon the findings upon the first and second issues the defendant is entitled to the judgment moved for.

The cause is remanded with instructions to enter judgment accordingly.

Reversed.